**P. Otis HIBLER, Appellant,**

v.

**Jane HIBLER, Appellee.**

**No. 04–90–00433–CV.**

Court of Appeals of Texas, San Antonio.

May 1, 1991.

Rehearing Denied May 1, 1991.

Richard H. Sommer, San Antonio, for appellant.

David A. Wise, Thomas F. Adkisson, Law Office of Thomas F. Adkisson, San Antonio, for appellee.

Before BIERY, CHAPA and PEEPLES, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

CHAPA, J., concurs in denial of Motion for Rehearing.

BIERY, Justice, concurring.

██ I concur in the denial of appellant's motion for rehearing because I agree with the proposition that, notwithstanding a section 14.06 agreement concerning conservatorship and support, the trial court should retain continuing jurisdiction to modify conservatorship and support. The practical realities of changed circumstances over the passage of time and the fact that divorced parents cannot always agree on a solution when circumstances change require such a ruling. For example, an agreement entered into when a child is eight years old may no longer be workable when the child is fourteen years old because the agreement did not and could not anticipate the need for orthodontia, unusual educational or medical needs of the child, loss of employment of either parent, economic cataclysms and other major changes which can occur. Additionally, the approval of an agreed order does not divest the trial court of its 14.07 obligation (the child's best interest) or its 14.08 power (modification).

██ I further concur in our holding that the district court retains jurisdiction to entertain appellant's breach of contract claim because the agreed decree of divorce approved by the parties contains the following three separate paragraphs:

## AGREEMENT OF THE PARTIES

The parties hereby stipulate and acknowledge that the terms of this divorce represent and constitute a judicial adjudication as well as a contractual agreement; all rulings regarding the division of property arise out of a judicial adjudication of such rights as well as the parties agreement to divide the marital estate stipulated below.

## CHILD SUPPORT

The Court finds that the parties have agreed that as a part of the consideration for and division of the estate that no formal obligation for the payment or provision of monetary child support should be made by either of the parties and the Court accordingly ORDERS, ADJUDGES, AND DECREES that said agreement be the order of this court.

The parties further hereby stipulate that the terms of this marital property division constitute a judicial adjudication as well as a contract.

In using contractual language the parties presumably intended to be able to enforce the contract; otherwise, the contract would be a nullity.

While the decree recites that it was pronounced and rendered on December 11, 1989, the record reflects that the parties and the trial judge did not sign the agreed decree until January 31, 1990. The motion to modify was filed approximately fifty-five days later on March 27, 1990.

Perhaps the most fair and equitable solution in such a situation where the circumstances are said to have materially changed in such a short period of time would be to renegotiate or relitigate the property division as well as the issue of child support. This remedy, however, is not available vis-a-vis the property division because of the

loss of trial court jurisdiction over property division issues. Accordingly, I concur in the holding that the trial court does retain jurisdiction to entertain the breach of contract claim.